UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRICIA G.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 3:25-cv-05378-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. Plaintiff alleges disability beginning in April 2019. After holding a hearing in April 2024, the ALJ issued an order finding bilateral lower extremity peripheral edema and obesity are severe impairments; chronic neutropenia is nonsevere; Plaintiff retains the residual functional capacity (RFC) to perform light work with certain physical limitations; Plaintiff cannot perform past relevant work but is not disabled because she can perform other work that exist in significant numbers. Tr. 17-29.

Plaintiff contends the Court should remand her case for a new hearing because the ALJ misevaluated her testimony; erroneously found neutropenia is not a severe impairment; and failed to address the opinion of Shirley Deem M.D. that Plaintiff must change positions during the day.

ORDER REVERSING AND REMANDING - 1

**DISCUSSION**

**A.      Plaintiff's Testimony**

The ALJ did not find malingering and was thus required to articulate "clear and convincing reasons" to reject her testimony. *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's reasons "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." *Brown-Hunter v. Colvin,* 806 F.3d 487, 493 (9th Cir. 2015); *see also Laborin v. Berryhill,* 867 F.3d 1151, 1155 (9th Cir. 2017) (the ALJ must identify *which* testimony the ALJ found not credible and explain *which* evidence contradicted that testimony). General findings and conclusory statements without supporting evidence are thus insufficient. *Brown-Hunter,* 806 F.3d at 494.

The ALJ rejected Plaintiff's testimony that due to idiopathic neutropenia, hyperthyroidism, and bilateral edema of the lower extremities with pain, she must elevate her legs at least three times a day for 20-40 minutes in addition to taking medications and wearing compression socks. Tr. 23-24. The ALJ first reviewed the medical record. The ALJ noted in April 2022, Shirley Deem, M.D. examined Plaintiff who reported she was unable to work due to infections caused by chronic neutropenia and low-grade lower extremity pain. Dr. Deem opined Plaintiff could stand for six hours which the ALJ rejected as an overestimation of Plaintiff's functioning based upon Plaintiff's lower extremity edema and obesity. Tr. 25.

In June 2022, Plaintiff was seen for persistent cough, fatigue, pain and lower leg swelling. Lower leg edema was again present in August-November, 2022. In November 2022, Plaintiff was seen at the ER for back pain and referred to the lymphedema clinic but did not follow-up until April 2024.  In May 2023, Plaintiff was seen at the ER for lower extremity

ORDER REVERSING AND REMANDING - 2

edema and denied pain. She reported no improvement with elevation and was prescribed Lasix with elevation and compression socks for peripheral edema. At an August 2023 follow-up there was no improvement or worsening. In February 2024, Plaintiff denied lower leg extremity numbness or weakness but said she had instability dur to pain and swelling. Additionally, Plaintiff was described as a full-time caregiver for her aged mother for the months of September and December 2023 and in March 2024.

The ALJ acknowledged Plaintiff's treatment record but found no "consistent objective evidence supportive of the need for greater workplace limitations than those assigned in the residual functional capacity above." Tr. 26. The ALJ rejected the opinion of Nadezhda Kholodnaya, MD about Plaintiff's chronic neutropenia, frequent infections, fatigue, upper respiratory symptoms, and need to lie down on the grounds the opinion lacked any supportive or explanatory rationale. Tr. 27. The ALJ further noted the record shows Plaintiff's viral infections were mild and that after she started Fulphila injections in 2023, her respiratory infections became significantly less frequent. *Id.*

The ALJ concluded that peripheral edema was Plaintiff's most limiting condition but one that was not always documented on examination and the record contained inconsistent reports of pain. The ALJ found Plaintiff's failure to promptly comply with the referral to the lymphedema clinic suggests any associated symptoms are not disabling and that "peripheral edema in combination with morbid obesity in addition to nonsevere impairments like chronic neutropenia warrant the significant limits contained in the RFC determination. Tr. 26.

Plaintiff correctly argues the ALJ failed to clearly and specifically address her testimony she needed to elevate her legs multiple time each day for 20-30 minutes. The ALJ did not point out any medical records or opinions that contradicted Plaintiff's claimed need to elevate her legs

ORDER REVERSING AND REMANDING - 3

multiple times each day. The ALJ implies Plaintiff's need to elevate her legs is inconsistent with her ability to care for herself and mother, cook, clean and take public transportation. The Commissioner contends the fact Plaintiff provided caregiving is itself sufficient. But no facts as to these activities were developed, the ALJ made no individualized assessment as the Commissioner attempts in their pro hac argument, and there is thus no reasonable basis before the Court to conclude these activities are in fact inconsistent with Plaintiff's claimed need for leg elevation.

The Commissioner also argues Plaintiff didn't state she needed to elevate her legs while she worked. This implausibly suggests Plaintiff has no need to elevate her legs during the period in which she likely most needs to elevate them, i.e. while she is working and standing, walking or sitting for eight hours.

The Commissioner further argues the medical record, lack of objective evidence, lack of consistent pain complaints and follow-up contradict Plaintiff's testimony. But as noted above, the ALJ's recitation of the medical record and her rationale failed to point to any medical evidence contradicting Plaintiff's testimony that she needed to elevate her legs multiple time each day for 20-30 minutes.

The Court accordingly concludes the ALJ erred. Plaintiff testified she needed to elevate her legs multiple times each day for 20-30 minutes. The ALJ failed to provide clear and convincing reasons to reject this claimed limitation and as the limitation was not considered in determining RFC, the failure is harmful.

**B.     Dr. Deem**

Dr. Deem examined Plaintiff and noted Plaintiff wore support hose, her legs appeared swollen, and she had 3+ edema from the knees to the toes. Dr. Deem opined Plaintiff could stand

ORDER REVERSING AND REMANDING - 4

or walk for six hours in an eight-hour day and needed to periodically alternate sitting and standing to relieve her pain. Tr. 577. The ALJ found Plaintiff was more limited than assessed by Dr. Deem and thus determined Plaintiff has the RFC to stand or walk for four hours in an eight-hour day. Plaintiff correctly argues the ALJ harmfully erred because she failed to address Dr. Deem's opinion Plaintiff required periodic alternate sitting and standing to relieve her pain and the VE provided testimony about jobs Plaintiff could perform without inclusion of this limitation.

The Court rejects the Commissioner argument the ALJ did not need to address the limitation based upon assumptions as to what Dr. Deem meant in opining Plaintiff could stand or walk for six hours. The ALJ was required to evaluate all relevant assessed limitations but failed to do so. The Court also rejects the Commissioner's argument the RFC determination is consistent with Dr. Deem's opinion. The VE testified Plaintiff there were jobs in the national economy Plaintiff could perform with her standing and walking limitations. But as noted above, the VE gave no opinion about whether there would remain a significant number of jobs Plaintiff could perform if the need to alternate between sitting and standing was included.

The Court accordingly concludes the ALJ harmfully erred in failing to address Dr. Deem's opinion that Plaintiff needs to periodically alternate sitting and standing to relieve her pain.

**C.    Step Two Findings**

Plaintiff correctly argues the ALJ harmfully erred by failing to find neutropenia is a severe impairment. However, as the ALJ discussed the impact of neutropenia in determining disability, the error is harmless. However, given how neutropenia is medically determined and

ORDER REVERSING AND REMANDING - 5

how the ALJ included its consequences in assessing disability, the ALJ on remand should again include neutropenia in determining RFC and disability.

For the reasons above, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Deem's opinion about alternate sitting and standing; reassess Plaintiff's testimony about the need to elevate her legs daily; consider the impact of neutropenia in determining RFC; develop the record and redetermine RFC as needed; and proceed to the remaining steps of the disability determination process.

DATED this 13th day of February, 2026.

_____

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 6